# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER LEE DAMMONES, ) | Civil Action No. 7:12-cv-00515 | |
|     Plaintiff, ) | | |
| ) | | |
| v. ) | **MEMORANDUM OPINION** | |
| ) | | |
| LYNCHBURG ADULT DETENTION ) | | |
| CENTER, et al., ) | By: | Hon. Michael F. Urbanski |
|     Defendants. ) | | United States District Judge |

    Christopher Lee Dammones, a Virginia inmate proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as defendants the Lynchburg Adult Detention Center ("Jail") and the Blue Ridge Regional Jail Authorities. This matter is before the court for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, the court dismisses the Complaint without prejudice for failing to state a claim upon which relief may be granted.

## I.

    Plaintiff alleges the following facts in the Complaint. Plaintiff was in a protective custody unit at the Jail in December 2011 when Correctional Officer Noulan opened both plaintiff's cell door and inmate Stephen Thompson's door. "When the door[s] opened, [plaintiff] had to fight [Thompson]." In September 2012, a correctional officer opened a mentally unstable inmate's door while plaintiff was in the unit's day area, causing plaintiff to be afraid of being attacked. Plaintiff was also afraid of being attacked in October 2012 when a correctional officer opened and closed another inmate's door while plaintiff was cleaning the day area. Plaintiff believes correctional officers make plaintiff feel afraid as retaliation for implicating a "high-

ranking officer" at the Jail in a "high-profile" case. Plaintiff seeks $21 million "for putting [plaintiff] in harm's way three times," negligence, and mental and physical anguish.

## II.

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim."[1] Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

---

[1] Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

2

committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Neither the Jail nor a group of persons, like the Blue Ridge Regional Jail Authorities, is a "person" subject to 42 U.S.C. § 1983. See, e.g., Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989); Brownlee v. Williams, No. 2:07cv0078, 2007 U.S. Dist. LEXIS 20650, 2007 WL 904800, at *2 (D.S.C. Mar. 22, 2007); Preval v. Reno, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) (reasoning jails are not "persons" for § 1983 litigation); Ferguson v. Morgan, No. 1:90cv06318, 1991 U.S. Dist. LEXIS 8295, 1991 WL 115759, at *1 (S.D.N.Y. June 20, 1991) (concluding that a group of personnel, like "medical staff," is not a "person" for purposes of § 1983). Even if plaintiff had named an appropriate defendant, he fails to state a claim upon which relief may be granted. Plaintiff may not recover damages for emotional injuries without an accompanying physical injury; a correctional officer's negligence is not actionable via § 1983; plaintiff does not identify a municipal policy, practice, or custom that caused an injury; plaintiff does not describe a significant physical or emotional injury; and plaintiff cannot proceed with conclusory allegations of retaliation. See 42 U.S.C. § 1997e(e); Whitley v. Albers, 475 U.S. 312, 319 (1986); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978); De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003); Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994). Accordingly, plaintiff fails to state a claim upon which relief may be granted.

### III.

For the foregoing reasons, the court dismisses the Complaint without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.SC. § 1915A(b)(1).

3

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

Entered: December 14, 2012

*/s/ Michael F. Urbanski*

Michael F. Urbanski
United States District Judge

4

Case 7:12-cv-00515-MFU-RSB   Document 10   Filed 12/17/12   Page 4 of 4   Pageid#: 58